**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: |
| | § | |
| AIR STARTER COMPONENTS, INC. | § | 24-34142 (JPN) |
| | § | (Chapter 11) |
| DEBTOR | § | |

**MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE WITH**
**PREJUDICE OR, IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7**

---

**BLR 9013-1(b) NOTICE:** THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON TUESDAY, APRIL 8, 2025, AT 11:00 AM (HOUSTON TIME) IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, COURTROOM 403, 515 RUSK, HOUSTON, TX 77002.**

---

TO THE HONORABLE JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), moves this Court under 11 U.S.C. § 1112(b) to dismiss this case with a bar to refiling for 180 days or, in the alternative, to convert this chapter 11 case to chapter 7, and respectfully represents as follows:

**I.   SUMMARY OF ARGUMENT**

Air Starter Components, Inc. ("Debtor") has failed to comply with the *Order to Debtor-In-Possession in a Small Business Case and Setting Status Conference*[1] (the "September 5 Order") by failing to file a disclosure statement and a plan on or before March 3, 2025. The operating

---

[1] Dkt. No. 3.

1

reports on file reflect negative net cash flow of ($4,363.86) through January 31, 2025. Further, the Debtor has failed to file a retention application for its general bankruptcy counsel, has failed to provide updated certificates of insurance, has failed to provide a copy of its 2023 tax return, and has failed to pay outstanding statutory fees of $7,788.00 to the U.S. Trustee. As a result, there is no reasonable likelihood that the Debtor will confirm a plan within a reasonable time. These failures amount to "cause" under 11 U.S.C. § 1112(b)(4)(A), (E), (H), (J), and (K) and this Court should dismiss this case with a bar to refiling for 180 days.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. A matter involving a motion to convert or dismiss is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is appropriate pursuant to 28 U.S.C. § 1408.

2. The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

3. Kevin M. Epstein is the duly appointed United States Trustee for the Southern District of Texas.[2] The U.S. Trustee has standing to appear and be heard on any issue in a case or proceeding under title 11.[3] The U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code.[4]

## III. FACTUAL BACKGROUND

4. On September 4, 2024 (the "Petition Date"), the Debtor filed a voluntary petition

---

[2] 28 U.S.C. § 581(a)(7).
[3] 11 U.S.C. § 307.
[4] 28 U.S.C. § 586(a)(3).

for relief under chapter 11 of the Bankruptcy Code. Since the order for relief under chapter 11 was entered, the Debtor has operated as a debtor in possession under 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed to date.

5. The petition describes the Debtor as a small business debtor.[5]

6. The Debtor manufactures, services, and supplies air starters and components for the marine, transportation, and power generation industries. The Debtor's principal place of business is located at 13935 Stafford Road, Stafford, Texas.[6] The Debtor filed this case for protection from a judgment creditor.

7. The Debtor reported assets of $861,172.99 and liabilities of $1,196,658.60.[7] The assets consist of the following:

| Property | Value |
|---|---|
| Cash | $ 17,746.99 |
| Accounts Receivable | $ 407,307.00 |
| Inventory | $ 113,644.00 |
| Office Furniture, Fixtures, and Equipment | $ 23,800.00 |
| Machinery, Equipment, and Vehicles | $ 297,675.00 |
| Intangibles and Intellectual Property | $ 1,000.00 |
| TOTAL | $ 861,172.99[8] |

8. The September 5 Order requires the Debtor, among other things, to file a disclosure statement and a plan not later than 180 days after the Petition Date.[9] To date, the Debtor has failed to file a disclosure statement and a plan.

### III. CAUSE TO CONVERT OR DISMISS

9. The Section 1112(b)(4) sets forth grounds for conversion or dismissal of a chapter 11 case. It provides, in pertinent part, that a chapter 11 case may converted or dismissed for cause

---

[5] Dkt. No. 1, p. 2.
[6] *Id.* at p. 1.
[7] *Id,* at p. 31.
[8] *Id.* at pp. 5-13.
[9] Dkt. No. 3.

    (A)    substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (E)    failure to comply with an order of the court;

    (H)    failure timely to provide information or attend meetings reasonably requested by the United States trustee;

    (J)    failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; and

    (K)    failure to pay any fees or charges required under chapter 123 of title 28.[10]

10. Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(A) because of a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. Specifically, the operating reports on file reflect negative net cash flow of ($4,363.86) through January 31, 2025.

11. Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(E) because the Debtor has failed to comply with the September 5 Order by timely filing a disclosure statement and a plan by March 3, 2025.

12. Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(H) because the Debtor has failed timely to provide information to the U.S. Trustee, including a retention application for its proposed general bankruptcy counsel, updated insurance certificates, and a 2023 tax return.

13. Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(J) because of the Debtor's failure to file a disclosure statement and a plan on or before March 3, 2025, or to confirm a plan within a reasonable time.

---

[10] 11 U.S.C. § 1112(b).

14.     Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(K) because the Debtor failed to pay fees due and payable to the U.S. Trustee in the amount of $7,788.00 for the third and fourth quarters of 2024.  Further, the Debtor will incur statutory fees for the first quarter of 2025. The U.S. Trustee requests that this Court fix the sum due as an administrative expense of the estate under 11 U.S.C. § 503(b) for fees due and payable to the U.S. Trustee under 28 U.S.C. § 1930(a)(6).

## IV. RELIEF REQUESTED

15.     Under section 1112(b) of the Bankruptcy Code, the court shall convert a case to chapter 7 or dismiss a case, whichever is in the best interests of the creditors and the estate, if the movant establishes cause, unless the court finds that appointment of a chapter 11 trustee or examiner is in the best interests of the creditors and the estate or the court finds and specifically identifies unusual circumstances that establish that conversion or dismissal of the case is not in the best interests of the creditors and the estate.  11 U.S.C. § 1112(b).

16.     Dismissal with a bar to refiling for 180 days is in the best interests of creditors and the estate given the repayment of Aetna's prepetition loan.

17.     If the Court finds that dismissal with a bar to refiling for 180 days is not in the best interests of creditors and the estate, then the U.S. Trustee, in the alternative, requests conversion to chapter 7.

## V.  CONCLUSION

WHEREFORE, the U.S. Trustee requests that this Court enter an order pursuant to 11 U.S.C. § 1112(b) dismissing this case with a bar to refiling for 180 days or, in the alternative, converting this case to one under chapter 7.

Dated: March 4, 2025                                   Respectfully Submitted,

                                                                             KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN
DISTRICTS OF TEXAS

By:    /s/ *Hector Duran*
Hector Duran, Trial Attorney
Texas Bar No. 00783996/Fed. ID No. 15243
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4664
(202) 527-4538 Mobile
(713) 718-4670 Fax
hector.duran.jr@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served upon the parties in the attached list by United States Mail, first class, postage prepaid or by ECF transmission or BNC noticing, on March 4, 2025.

                                                                   /s/ *Hector Duran*
                                                                   Hector Duran